[1] Reported in 294 N.W. 221.
June 22, 1936, the probate court, Rice county, allowed and admitted the will of Soren C. Nelson to probate and appointed A.L. Rustad executor. August 17, 1936, appellant filed her petition asking that the order allowing and admitting to probate the will of the decedent be set aside to allow her to file objections to the will, and also petitioning the court to disallow the will on the ground that the same was not duly executed, that at the time of execution the testator was not of sufficient mental capacity to execute such will, and that said will was procured by undue influence. After hearing but before an order was made thereon, the judge of the probate court died. Appellant made no effort to do anything further concerning her petition for over 20 months. On May 14, 1938, at the executor's instance, the probate court ordered a hearing. On June 14, 1938, an order was filed in the probate court denying appellant's petition to set aside the order allowing the will to probate, notice of the entry of which was served on appellant's attorney on June 17, 1938. On June 29, 1938, appellant's attorney sent notice of appeal and an appeal bond to the judge of the probate court, the same being returned to appellant's attorney with the advice that the bond was unsatisfactory and enclosing therewith property statement forms to be completed by the sureties. The appellant's attorney returned the notice of appeal and the bond to the probate court unaccompanied by the forms requested to be completed, stating that, in his opinion, the bond was proper. The probate *Page 349 
judge did not certify a return, and on September 15, 1939, after appellant and her attorney had received several notices of various proceedings in the administration of the estate and particularly the notice of the filing of, and the hearing on, the executor's final account, the appellant commencedmandamus proceedings, an alternative writ being issued as prayed for and later discharged by an order of the district court dated November 1, 1939, from which order the petitioner appeals.
To go no further back than the question immediately presented, we determine whether a proper appeal was taken from the probate court's order of June 14, 1938, denying the petition to set aside the order allowing the will to probate. The appellant contends that the appeal bond tendered complied with the requisites of the statute although it failed to be conditioned to "prosecute the appeal with due diligence to a final determination." We deem this requirement of 3 Mason Minn. St. 1940 Supp. § 8992-166, to be necessary to perfect the appeal; and, since appellant made no effort to supply a proper bond, the district court was right in denying the writ.
Order affirmed.